IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALFREDO CAPOTE,<br><br>　　　Defendant. | CRIMINAL ACTION<br><br>NO. 1:15-CR-00338-MHC-CMS |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On September 8, 2015, a Grand Jury sitting in the Northern District of Georgia returned a 35-count indictment against six individuals for alleged illegal activities designed to defraud cellular device providers. [Doc. 1]. Defendant Alfredo Capote ("Defendant") is charged in thirteen of the counts with the following: conspiracy to commit wire fraud (Count 1); six counts of wire fraud (Counts 3-8); two counts of mail fraud (Counts 16-17); and four counts of money laundering (Counts 18-21). [Id.]. The indictment also contains a forfeiture provision that applies to Defendant. [Id. at 15].

This matter is before the Court on Defendant's Motion to Suppress [Doc. 64] in which he claims that a search warrant for certain email accounts did not satisfy the particularity requirement of the Fourth Amendment.

## BACKGROUND

On March 31, 2014, United States Magistrate Judge Russell G. Vineyard issued a search warrant authorizing the search for information associated with three email addresses that were stored at premises owned, maintained, controlled, or operated by Google, Inc, ("Google"), 1600 Amphitheatre Parkway, Mountain View, California, 94043. [Doc. 64-1 at 2]. The affidavit supporting the warrant described a mail and wire fraud scheme where suspects filed false claims with a cellular phone insurance company to fraudulently obtain cellular phones. [Id. at 8-12]. The affidavit explained that the three email accounts were used in filing false cellular phone insurance claims. [Id. at 12-15]. The warrant described the particular things to be seized in two parts. First, the warrant identified information that Google was required to disclose including the content of all emails, information regarding the identification of the account, other information stored by any individual using the account, and records pertaining to communications between Google and any person regarding the account. [Id. at 3]. The warrant then narrowed the information that the Government was authorized to seize, as follows:

> **I. Information to be seized by the Government**
>
> All information described above in Section I that constitutes fruits, evidence and instrumentalities violations of 18 USC §§ 1341 (mail

fraud), and 1343 (wire fraud), and conspiracy to commit these offenses, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    a. Records relating to the collection, sale, or use of personally identifying or financial information, including, but not limited to, passwords and financial account information;

    b. Records relating to cellular phone insurance;

    c. Records relating to who created, used, or communicated with the account or identifier, including, but not limited to, records about their identities and whereabouts including records of session times and durations and log-in IP addresses associated with session times and dates; and

    d. Records relating to any travel of anyone who created, used, or communicated with the account or identifier.

[Doc. 64-1 at 4].

On December 16, 2015, Defendant filed a motion to suppress all evidence obtained from the search, arguing that the warrant failed to adequately particularize the items to be seized and failed to include a time limitation, thereby permitting "a general exploratory search." [Doc. 64 at 2-3]. The Government argues in response that the warrant was sufficiently particularized to pass Constitutional muster. [Doc. 91 at 4-8]. Defendant did not file a reply brief and did not specifically request an evidentiary hearing.

## DISCUSSION

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.[1] Thus, the Fourth Amendment requires that a warrant particularly describe both (1) the place to be searched and (2) the persons or things to be seized. Id.; United States v. Travers, 233 F.3d 1327, 1329 (11th Cir. 2000).

The particularity requirement protects against "the use of general warrants as instruments of oppression." Stanford v. Texas, 379 U.S. 476, 482, 85 S. Ct. 506, 510 (1965). "The requirement that warrants particularly describe the place to be searched and the things to be seized makes general searches under them impossible." Travers, 233 F.3d at 1329 (citing Stanford, 379 U.S. at 485, 85 S. Ct. at 512). A search based on a warrant that fails to sufficiently particularize the place to be searched or the things to be seized is unconstitutional. To deter such warrants and searches, any evidence so seized must be excluded from the trial of the defendant. Stone v. Powell, 428 U.S. 465, 492, 96 S. Ct. 3037, 3051 (1976) ("Evidence obtained by police officers in violation of the Fourth Amendment is

---

[1] Defendant argues that the warrant was not sufficiently particular with respect to the ***things to be seized***; he does not make that argument with respect to the ***place to be searched***.

excluded at trial in the hope that the frequency of future violations will decrease."). The Eleventh Circuit instructs that the particularity requirement "be applied with a practical margin of flexibility, depending on the type of property to be seized, and that a description of property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit." United States v. Wuagneux, 683 F.2d 1343, 1349 (11th Cir. 1982) (citations omitted).

Defendant's contention that the warrant "permitted a general exploratory search" [Doc. 64 at 2] is wholly unfounded. On the contrary, the description of the items to be seized is detailed and sufficiently particular. The warrant provided for the seizure of information that "constitute[d] fruits, evidence and instrumentalities" of violations of the mail and wire fraud statutes, including information that related to (i) personally identifying information, (ii) cellular phone insurance, (iii) the identities of the users of the email accounts, and (iv) travel by the users of the email accounts. [Doc 64-1 at 4]. By explicitly limiting the scope of what may be searched and seized to evidence of the crimes under investigation, the warrant was sufficiently particular to enable the searcher to reasonably ascertain and identify the property authorized to be seized. See United States v. Lee, No. 1:14-cr-227-TCB-2, 2015 WL 5667102, at *3 (N.D. Ga. Sept. 25, 2015) (concluding that a search warrant similar to the one in this case was sufficiently particular and stating,

"a warrant that requires disclosure of the entire contents of an email account and then describes a subset of that information that will be subject to seizure is reasonable"); United States v. Harvey, No. 1:15-cr-53-TWT-RGV, 2015 WL 9685908, at *13 (N.D. Ga. Nov. 30, 2015), adopted by 2016 WL 109984, at *1 (N.D. Ga. Jan. 8, 2016) (concluding that a search warrant for a cell phone was sufficiently particularized where the property to be seized was limited to evidence of the crimes being investigated); United States v. Ortiz-Aleman, No. 1:11-cr-20-ODE-JFK, 2011 WL 3739528, at *4 (N.D. Ga. July 21, 2011), adopted by 2011 WL 3739425, at *1 (N.D. Ga. Aug. 24, 2011) (holding that the following description of things to be seized from a cell phone was adequately particularized to survive Fourth Amendment scrutiny: "address and phone/contact listings, text messages sent and/or received, calendars, photographs, and to-do lists, which constitutes evidence of the commission of a criminal offense and property which has been used as the means of committing a criminal offense, concerning violations of Title 21 USC §§ 841(a) and 846").

The universe of property that could be seized pursuant to the warrant at issue in this case was limited to evidence of illegal activities concerning mail fraud and wire fraud. The warrant, therefore, did not permit a "general exploratory search" of the information in the email accounts. See Lee, 2015 WL 5667102, at *10

6

("The warrants in this case were not general warrants because they described with sufficient particularity not only the information to be disclosed from Lee's Gmail accounts, but also the specific evidence which the government was allowed to seize from within that body of information."); United States v. Brooks, No. 3:13-cr-58-J-34JRK, 2014 WL 292194, at *11 (M.D. Fla. Jan. 27, 2014) (concluding that because the scope of the warrant was restricted to evidence of child pornography-related crimes, it did not permit a free-ranging search); see also Signature Pharmacy, Inc. v. Wright, 438 F. App'x 741, 745-46 (11th Cir. 2011) (per curiam) (unpublished) (holding that the items to be seized were described with sufficient particularity where the items were limited by the specific crimes under investigation and stating "[b]ecause the descriptions in the warrants refer to items that are evidence of a violation of certain statutes relating to the sale of controlled substances, the items were described with sufficient particularity to allow Wright, a seasoned law enforcement officer, to identify the things to be seized").

Moreover, the lack of a time limitation does not render the search unconstitutional. The warrant in this case was already adequately particularized based on the subject matter limitation to evidence relating to wire fraud and mail fraud; therefore, an additional temporal limitation was not required. See Lee, 2015 WL 5667102, at *10 (rejecting argument that warrant was not sufficiently

7

particularized because it lacked a temporal limitation on the information to be disclosed from the accounts); United States v. Khateeb, No. 8:14-CR-185-T-23MAP, 2015 WL 6438755, at *4 (M.D. Fla. Oct. 21, 2015) (same); Harvey, 2015 WL 9685908, at *14 (same).  Because the warrant in this case was already sufficiently particularized based on the subject matter limitation—i.e., evidence relating to the criminal activity under investigation—the lack of an additional time period limitation in the warrant does not render the search unconstitutional.

For the reasons stated, I conclude that the warrant satisfied the Fourth Amendment's particularity requirement.  Therefore, I recommend that Defendant's motion to suppress [Doc. 64] be denied.[2]

## II.   CONCLUSION

For the reasons stated above, I **RECOMMEND** that Defendant's Motion to Suppress [Doc. 64] be **DENIED**.

---

[2]  Additionally, Defendant has failed to show that he had a reasonable expectation of privacy in any of the accounts.  Defendant's motion does not identify any relationship between Defendant and the email accounts.  In failing to point to evidence showing who had access to the accounts, the purpose of the accounts, or any other such facts that might shed light on the issue, Defendant has failed to demonstrate that he had a legitimate expectation of privacy in any of the email accounts. This is an additional reason why the motion should be denied.

I have now addressed all referred pretrial matters and have not been advised of any impediments to the scheduling of a trial. Accordingly, the case is **CERTIFIED READY FOR TRIAL**.

This 5th day of May, 2016.

_____
CATHERINE M. SALINAS
United States Magistrate Judge