# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALFREDO CAPOTE, <br> BOP ID 18112-035, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MOTION TO VACATE <br> 28 U.S.C. § 2255 <br><br> CIVIL ACTION FILE <br> NO. 1:19-CV-1045-MHC-CMS <br><br> CRIMINAL ACTION FILE <br> NO. 1:15-CR-338-4-MHC-CMS |

## ORDER

Movant Alfredo Capote was convicted in this Court of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 pursuant to his guilty plea, and the Court imposed a sentence of sixty-two months of incarceration to be followed by three years of supervised release. J. in a Criminal Case [Doc. 235]. He appealed, claiming that his sentence was substantively unreasonable, and the Eleventh Circuit granted the Government's motion to dismiss the appeal based on the appeal waiver that Movant signed as a part of his plea agreement. June 25, 2018, Order of the Eleventh Circuit [Doc. 260].

Movant now has filed a *pro se* 28 U.S.C. § 2255 motion to vacate [Doc. 267] in which he raises the single ground for relief that his trial counsel was ineffective

for failing to object to (1) the loss amount attributed to Movant when this Court calculated his sentence under the Sentencing Guidelines, and (2) the two-level obstruction increase that this Court imposed under the Guidelines. In her Report and Recommendation ("R&R") [Doc. 268], United States Magistrate Judge Catherine M. Salinas recommends that Movant's § 2255 motion be denied under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts because it plainly appears that Movant is not entitled to relief.

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir.

1983). In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of those portions of the R&R to which Movant objects and has reviewed the remainder of the R&R for plain error.

As Judge Salinas states in her R&R, Movant testified during his sentencing hearing that he understood the plea agreement and that he did not dispute any term of the plea agreement. R&R at 4. Pursuant to his plea agreement, Movant agreed that the loss amount was between $550,000 and $3,500,000 and that he would receive the two-level obstruction enhancement. Id. at 5, 9.[1] As a result, Magistrate Judge Salinas concluded that any objection raised by Movant's trial counsel would have been meritless.

At some point after he filed his § 2255 motion, Movant obtained counsel who filed Movant's objections to the R&R [Doc. 272]. In these objections, Movant asserts that the Magistrate Judge erred in failing to review the substance of his claims. Movant contends that this Court miscalculated the loss amount by basing its calculation entirely on the gains that he received from the scheme, which purportedly is not proper under U.S.S.G. § 2B1.1. He further contends that, under

---

[1] This Court ultimately settled on a loss amount of $1,493,477.90, which was calculated by the probation officer based on the funds that Movant received as part of the scheme. Sentencing Hearing Tr. [Doc. 251] at 19, 21.

3

United States v. Hunter, 323 F.3d 1314 (11th Cir. 2003), this Court was required (but failed) to make individualized findings concerning the scope of Movant's criminal activity within the conspiracy.

This Court agrees with Judge Salinas that these arguments are foreclosed by the admissions that Movant made in the plea agreement and during the plea hearing. See United States v. Stephen, 440 F. App'x 824, 830 (11th Cir. 2011) ("The district court did not err by sentencing [the defendant] based on a loss amount that he had admitted and had agreed was applicable."); United States v. Martin, 441 F. App'x 698, 701 (11th Cir. 2011) (noting district court's determination that objections to the calculation of loss and the number of victims were foreclosed by his factual admissions in the plea agreement).

Moreover, to the degree that Movant contends that his concessions in the plea agreement were the result of his trial counsel's bad advice, Movant has not perfected his claim. In raising a claim that counsel was ineffective in advising his client in relation to a plea agreement, the claimant "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58 (1985). Nowhere in his motion or his objections does Movant assert that, but for his counsel's allegedly deficient performance, he would not have pled

guilty and would instead have insisted on going to trial. Indeed, he never contests his guilt or suggests he did not wish to plead guilty.

Accordingly, it is hereby **ORDERED** that Movant's objections to the R&R [Doc. 272] are **OVERRULED**. After reviewing the remainder of R&R for plain error, the Court **ADOPTS** the R&R [Doc. 268] as the Opinion and Order of this Court. It is further **ORDERED** that Movant's § 2255 motion [Doc. 267] is **DENIED**. The Clerk is **DIRECTED** to close Civil Action No. 1:19-CV-1045-MHC.

This Court further agrees with Judge Salinas that Movant has failed to raise any claim of arguable merit, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED** this 30th day of April, 2019.

_____
MARK H. COHEN
United States District Judge